**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**HUNTCOLE, LLC. AND**                                                                 **PLAINTIFFS**
**4-WAY ELECTRIC CO., INC.**

**VS.**                                        **CIVIL ACTION NO.: 4:17-cv-65-DMB-JMV**

**4-WAY ELECTRIC SERVICES, LLC.**                                     **DEFENDANT**

**REPORT AND RECOMMENDATION OF DISMISSAL FOR LACK OF SUBJECT
MATTER JURISDICTION**

This matter is before the court, *sua sponte*, recommending this case for dismissal without prejudice for lack of subject matter jurisdiction. The parties having fully briefed the issue, the Court is prepared to offer the following:

**BACKGROUND**

Plaintiffs , Huntcole, LLC and 4-Way Electric Co., Inc. ("4-Way Electric") filed this action for declaratory judgment, eviction, and injunction on May 15, 2017, in state court against 4-Way Electric Services, LLC ("4-Way Services"). The complaint alleges that: 4-Way Electric is a Mississippi corporation with a principal place of business in Mississippi, Huntcole, LLC is a Mississippi limited liability company with a principal place of business in Mississippi, and defendant 4-WayServices is a Delaware limited liability company, registered to do business in the State of Mississippi, with a principal place of business in Texas.

Also on May 15, 2017, defendant 4-WayServices removed the case to this court based on diversity of citizenship and an amount in controversy exceeding $75,000 pursuant— to 28 U.S.C. § 1332. The notice of removal asserts that plaintiff Huntcole, LLC is in Mississippi

limited liability company with a principal place of business in Mississippi; plaintiff Four-Way Electric Company, Inc. is a Mississippi corporation with principal place of business in Mississippi; and defendant 4-WayServices, LLC. is a Delaware limited liability company with a principal place of business in Texas.

On June 23, 2017, defendant submitted its corporate statement wherein defendant disclosed that 4-WayServices is wholly owned by parent limited liability company VPG Transformations Group, LLC., a Delaware limited liability company. The Court then notified defense counsel, during the Telephonic Case Management Conference [11] held July 20, 2017, that its removal was deficit as it did not provide an adequate basis for diversity jurisdiction— as the disclosure of citizenship was incomplete. The court also directed defense counsel to amend the notice of removal to adequately state a basis for diversity jurisdiction by August 2, 2017. The court further advised counsel that failure to do so would result in the court's recommendation of dismissal for lack of jurisdiction.

Defendant filed an amended Notice of Removal [12] on August 2, 2017. Of relevance here, 4-Way Services, LLC. alleged:

> Defendant 4-Way Electric Services, LLC is, and was at the time this lawsuit was filed, a Delaware limited liability company with its principal place of business in Southlake, Texas, and whose sole members is VPG Transformers Group, LLC. VPG Transformers Group, LLC is a Delaware limited liability company whose principal place of business is Delaware and whose sole member is VPG Group Holdings, LLC. VPG Group Holdings, LLC is a Delaware limited liability company whose principal place of business is in Delaware. VPG Group Holdings, LLC's four members are: 1) **VPG Group Resources, LLC, a Texas limited liability company** whose principal place of business is in Southlake, Texas; 2) **Insight Equity (VPG) Mezz Debt, LLC, a Delaware limited liability company** whose principal place of business is in Delaware; 3) Race Street Funding LLC, a Delaware limited liability company whose principal place of business is in Pennsylvania; and 4) **VGH Private Investors, LLC**, a Delaware limited liability company whose principal place of business is in Ohio. Attached hereto as Exhibit "A," which is hereby incorporated by reference, is an organizational breakdown of the ownership interests of Defendant 4-Way Electric Services, LLC.

Amended Notice of Removal at [12]-8 (emphasis added).

Exhibit A reflects:
**Schedule A: Members of VPG Group Resources, LLC**
- Member 1: Insight Equity II LP – Delaware Limited Partnership, principal place of business Southlake, Texas
    - Insight Equity GP II LLC – Delaware LLC, principal place of business Southlake, Texas
        - Insight Equity (CV) II LLC– Delaware LLC, principal place of business Southlake, Texas
            - Insight Equity Holding, LLC
                - Ted Beneski – a natural resident citizen of Texas
                - Victor Vescovo – a natural resident citizen of Texas
- Member 2: Insight Equity (TE) II LP – Delaware Limited Partnership, principal place of business Southlake, Texas
    - Insight Equity GP II LLC– Delaware LLC, principal place of business Southlake, Texas
        - Insight Equity (CV) II LLC– Delaware LLC, principal place of business Southlake, Texas
            - Insight Equity Holdings, LLC– Delaware LLC, principal place of business Southlake, Texas
                - Ted Beneski – a natural resident citizen of Texas
                - Victor Vescovo – a natural resident citizen of Texas
- Member 3: VPG Blocker Corp. – Delaware Corporation, principal place of business Delaware
- Member 4: Insight equity (AC) II LP – Delaware Limited Partnership, principal place of business Southlake, Texas
    - Insight Equity (AC) GP II LLC– Delaware LLC, principal place of business Southlake, Texas
        - Insight Equity Holdings, LLC– Delaware LLC, principal place of business Southlake, Texas
            - Ted Beneski – a natural resident citizen of Texas
            - Victor Vescovo – a natural resident citizen of Texas

**Schedule B: Members of Insight Equity (VPG) Mess Debt LLC**
- Member 1: Insight Equity Mezzanine I LP – Delaware Limited Partnership, principal place of business Southlake, Texas
    - Insight Equity Mezzanine GP I LLC– Delaware LLC, principal place of business Southlake, Texas
        - Insight Equity Mezzanine (CV) I LLC— Delaware LLC, principal place of business Southlake, Texas
            - Insight Equity Holdings, LLC– Delaware LLC, principal place of business Southlake, Texas
                - Ted Beneski – a natural resident citizen of Texas

- o   Victor Vescovo – a natural resident citizen of Texas
- Member 2: Insight Equity Mezzanine (TE) I LP – Delaware Limited Partnership, principal place of business Southlake, Texas
  - o   Insight Equity Mezzanine GP I LLC– Delaware LLC, principal place of business Southlake, Texas
    - Insight Equity Mezzanine (CV) I LLC– Delaware LLC, principal place of business Southlake, Texas
      - Insight Equity Holdings, LLC– Delaware LLC, principal place of business Southlake, Texas
        - o   Ted Beneski – a natural resident citizen of Texas
        - o   Victor Vescovo – a natural resident citizen of Texas
- Member 3: Insight Equity Mezzanine (AC) I LP – Delaware Limited Partnership, principal place of business Southlake, Texas
  - o   Insight Equity Mezzanine (AC) GP I LLC– Delaware LLC, principal place of business Southlake, Texas
    - Insight Equity Holdings, LLC– Delaware LLC, principal place of business Southlake, Texas
      - Ted Beneski – a natural resident citizen of Texas
      - Victor Vescovo – a natural resident citizen of Texas

**Schedule C: Members of Race Street Funding, LLC**
- FS Investments Corporation - Delaware Corporation, principal place of business: West Virginia

**Schedule D: Members of VGH Private Investors, LLC**
- Member 1: Patrict Murley – a natural resident citizen of Ohio
- Member 2: Lawrence Bradley Finkel – a natural resident citizen of Indiana
- Member 3: Robert D. Van Vliet Revocable Trust
  - o   Trustee: Robert D. Van Vliet – a natural resident citizen of Indiana
- Member 4:William Joseph Hurrle – a natural resident citizen of Indiana
- Member 5: Ronald T. Shaw – a natural resident citizen of Florida

Exhibit A at 1-2.

After review of the amended notice by the undersigned, counsel was informed that it still failed to properly assert diversity jurisdiction. Specifically, the court noted that the removal notice: 1) failed to properly identify the citizenship of VPG Group Resources, LLC because three of that limited liability corporation's four members were identified as limited partnerships, but only the citizenship of the general partner of those limited partnerships was disclosed, 2) defendant failed to properly identify the citizenship of Insight Equity (VPG) Mess Debt LLC because all three of its members were identified as limited partnerships, but only the citizenship

of the general partner of each was provided, and finally 3) that one of the five members of VGH Private Investors, LLC was identified as a Revocable Trust, but only the citizenship of the trustee, without further elaboration, was disclosed.[1]

During the [15] Telephonic Status Conference held August 4, 2017, in response to the concerns expressed by the court, Counsel for defendant , 4-Way Services, LLC., indicated that he felt the disclosures were adequate under applicable law to establish federal jurisdiction. The Court resolved to reserve judgment on the revised notice of removal pending a brief in support of the proposed notice.

## LAW AND ANALYSIS

In Defendant's [16] brief in support of amended notice of removal, defendant acknowledged the United States Supreme Court precedent, *Carden v. Arkoma Associates*, 494 U.S.185, 195 (1990), holding explicitly that the citizenship of a limited partnership is determined by the citizenship of all of its members, including that of the limited partners.

Further, the Court notes that this precedent has been long followed in this district. See, *Am. Tower, LP v. Urban Radio Broad., LLC*, 2017 U.S. Dist. LEXIS 47905 as follows:

> The state under the laws of which a limited partnership [or limited liability company] is organized is irrelevant for diversity jurisdiction purposes." *Magnolia Management Corp. v. Quest Rescue Partners - 8, L.P.*, 792 F. Supp. 45, 48 (S.D. Miss. 1992). The citizenship of a limited partnership or a limited liability company is determined by the citizenship of <u>all</u> of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195, 110 S. Ct. 1015, 108 L. Ed. 2d 157(1990); *Harvey*, 542 F. 3d at 1081. The district court must consider the citizenship of the entity's <u>limited</u> as well as general partners to determine the existence of complete diversity. *Carden*, 494 U.S. at 185 (Emphasis added).

---

[1] The Court declines—as it is unnecessary given the report and recommendation made— to also analyze the questionable suggestion of defendant that the citizenship of the trust in this case is that of its trustee.

*Am. Tower, L.P. v. Urban Radio Broad.*, LLC, 2017 U.S. Dist. LEXIS 47905, *2 (N.D. Miss. Mar. 30, 2017).

In *Gross v. Gann*, 2014 U.S. District Lexis 135455, Your Honor found the same, "For purposes of federal diversity jurisdiction, [a limited] partnership is considered a citizen of every state in which a <u>general</u> or a <u>limited</u> partner is a citizen. *Bankston v. Birch*, 27 F.3d 64, 165 (5Cir. 1994)." *Gross v. Gann*, 2014 U.S. Dist. LEXIS 135455, *6, 2014 WL 4691553 (N.D. Miss. Aug. 20, 2014) (Emphasis added). This is a direct statement of the law as to artificial entities and has no limitations or exceptions for active and passive partners.

Despite this well established law, the defendant urges the court to adopt, instead, Justice O'Connor's dissent in *Carden* which would permit disregarding the citizenship of the limited partners when determining citizenship of the limited partnership for diversity purposes. To buttress this argument, defendant suggests that the Fifth Circuit in *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 863 (5th Cir.2003), provides authority for this court to dismiss the holding in *Carden* and its progeny and disregard the citizenship of the limited partners of the limited partnerships at issue in this case.

The undersigned respectfully declines the defendant's invitation as, among other things, it would violate the most basic of our legal principles – United States Supreme Court precedent, where applicable, controls, and since the question of whether a limited partnership must establish diversity jurisdiction by disclosing the citizenship of all of its members is well established, it will be followed in the instant case.

Furthermore, *Corfield* – on which defendant relies— does not supply authority to the contrary. *Corfield* concerned a limited partnership as well as a complex insurance market involving "names", underwriters, syndicates, and others. Far from supporting defendant 4-Way Services argument here, the *Corfield* court, in determining the citizenship of the limited

partnership at issue, reiterated the rule that a limited partnership's citizenship for diversity purposes is determined by that of all of its members including the citizenship of its limited partners. Even further, while the court went on to grapple with the proper method to determine the citizenship of what it referenced as a "conundrum"— which questionably even qualified as an artificial entity, involving associations of syndicates, "names," underwriters, and insurance markets, it said nothing to undermine the *Carden* rule— that when it comes to limited partnerships, their citizenship is determined by that of each member, including the limited partners.

In the undersigned's view, the suggestion that this Court should disregard the long-recognized vehicle of the limited partnership, such as those at issue in this case, and instead treat these limited partnerships as if they were of questionable stature as artificial entities— and even then of some unspecified variety analogous to an insurance syndicate— is not even colorable.

## CONCLUSION

Accordingly, because it is uncontested that defendant has failed to disclose the citizenship of all of the limited partners of each limited partnership in the citizenship chain in this case, it has failed to properly establish diversity jurisdiction, and this case should be dismissed for lack of the same.

## PROCEDURE FOR FILING OBJECTIONS

The parties are referred to L.U.Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except

upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this the _th day of September, 2017.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**