**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**HUNTCOLE, LLC AND**     **PLAINTIFFS**
**4-WAY ELECTRIC CO., INC.**

**V.**     **NO. 4:17-CV-65-DMB-JMV**

**4-WAY ELECTRIC SERVICES, LLC**     **DEFENDANT**

**ORDER REMANDING CASE**

Before the Court is United States Magistrate Judge Jane M. Virden's Amended Report and Recommendation recommending that this case be remanded for lack of subject matter jurisdiction. Doc. #31.

**I
Procedural History**

On May 5, 2017, Huntcole, LLC and 4-Way Electric Co. filed an action for declaratory judgment, eviction, and injunction against 4-Way Electric Services in the County Court of Leflore County, Mississippi. Doc. #2. The complaint alleges that Huntcole is a Mississippi LLC with its principal place of business in Mississippi and that 4-Way Electric Co. is a Mississippi corporation with its principal place of business also in Mississippi. *Id.* at ¶¶ 2–3. The complaint further alleges that 4-Way Electric Services is a Delaware LLC with its principal place of business in Texas. *Id.* at ¶ 4. On May 15, 2017, 4-Way Electric Services removed the action to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), based on the citizenship of the parties as alleged in the complaint. Doc. #1.

During a telephonic case management conference on July 20, 2017, Judge Virden notified 4-Way Electric Services that its removal notice did not provide an adequate basis for diversity jurisdiction and allowed it the opportunity to amend. Doc. #11. 4-Way Electric Services timely

filed an amended notice of removal on August 2, 2017. Doc. # 12.

In its amended notice, 4-Way Electric Services, in an effort to cure its deficient jurisdictional allegations, represents that it is wholly owned by VPG Transformers Group, LLC (a Delaware LLC with its principal place of business in Delaware); that VPG Transformers Group is wholly owned by VPG Group Holdings, LLC (a Delaware LLC with its principal place of business in Delaware); and that VPG Group Holdings has four members: (1) VPG Group Resources, LLC (a Texas LLC with its principal place of business in Texas), (2) Insight Equity (VPG) Mezz Debt, LLC (a Delaware LLC with its principal place of business in Delaware), (3) Race Street Funding, LLC (a Delaware LLC with its principal place of business in Pennsylvania), and (4) VGH Private Investors, LLC (a Delaware LLC with its principal place of business in Ohio). *Id*. at ¶ 8. In addition, 4-Way Electric Services attached as an exhibit to the amended notice information regarding the citizenship of the members of each entity. Doc. #12-1. Notably, in its amended notice of removal, 4-Way Electric Services fails to identify, among other things, the limited partners of VPG Group Resources and the limited partners of Insight Equity (VPG) Mezz Debt. *See id*. During a telephonic status conference on August 4, 2017, Judge Virden informed the parties that she would reserve judgment on the amended notice of removal and provided the parties time to brief the issue of diversity jurisdiction. Doc. #15.

4-Way Electric Services timely filed a brief in support of its amended removal notice on August 18, 2017. Doc. #16. The plaintiffs responded on August 24, 2017, Doc. #17; and 4-Way Electric Services replied on September 1, 2017, Doc. #18. On September 13, 2017, Judge Virden issued a Report and Recommendation ("Original R&R") recommending the case be dismissed for lack of subject matter jurisdiction. Doc. #19. 4-Way Electric Services filed objections to the Original R&R on September 27, 2017, arguing that (1) pursuant to *Lincoln Benefit Life Co. v. AEI*

2

*Life, LLC*, 800 F.3d 99 (3d Cir. 2015), it is not required to affirmatively allege the citizenship of each of its members; and (2) under *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853 (5th Cir. 2003), the Court may disregard as not real parties in interest the citizenship of the limited members 4-Way Electric Services cannot affirmatively allege. Doc. #25. The plaintiffs filed a response to the objections on September 28, 2017, Doc. #26; and 4-Way Electric Services replied on October 3, 2017, Doc. #27.

On December 13, 2017, Judge Virden issued an Amended Report and Recommendation ("Amended R&R") recommending that this case be remanded for 4-Way Electric Services' failure to establish diversity jurisdiction. Doc. #31. No party filed objections to the Amended R&R.

## II
## Standard of Review

Where objections to a report and recommendation have been filed, a court must conduct a "*de novo* review of those portions of the … report and recommendation to which the Defendants specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1)) (internal citations omitted).

## III
## Analysis

Because neither party filed objections to the Amended R&R, the Court's review of the Amended R&R is limited to plain error. In the Amended R&R, Judge Virden recommends remanding this case for lack of jurisdiction because 4-Way Electric Services failed to disclose the citizenship of all of its limited partners. Doc. #31 at 7–8. Under binding United States Supreme

Court precedent, the citizenship of a limited partnership "depends on the citizenship of all the members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (internal quotation marks omitted). Accordingly, the Court finds no plain error, and the Amended R&R will be adopted.[1]

## IV
## Conclusion

Having reviewed the Amended Report and Recommendation and finding no error, the Amended Report and Recommendation [31] is **ADOPTED**. This case is **REMANDED** to the County Court of Leflore County, Mississippi.

**SO ORDERED**, this 13th day of February, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] 4-Way Electric Services filed no objections to the Amended R&R though it had the opportunity to do so. To the extent 4-Way Electric Services intended its objections to the Original R&R to apply to the Amended R&R, the Court, upon de novo review, would find no error with the Original R&R's recommendation.

First, the Court disagrees with 4-Way Electric Services' argument that *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853 (5th Cir. 2003), permits courts to overlook the citizenship of certain limited partners when assessing whether diversity jurisdiction exists. In *Corfield*, "[t]he sole issue presented [was] whether complete diversity requires that the court consider the citizenship of every underwriter subscribing to a Lloyd's of London [insurance] policy when the lead underwriter sues only on its own behalf." *Id*. at 857. The Court held that an insured can sue a named underwriter individually and that, accordingly, the citizenship of other underwriters has no bearing on diversity jurisdiction. *Id*. at 864–65. While 4-Way Electric Services attempts to analogize limited partners to the other underwriters discussed in *Corfield*, this argument is squarely foreclosed by the text of *Corfield* itself, which expressly stated that "the citizenship of every partner in a limited partnership must be considered for diversity purposes." *Id*. at 865.

The Court also disagrees with 4-Way Electric Services' argument that, pursuant to *Lincoln Benefit Life Co. v. AEI Life LLC*, 800 F.3d 99 (3d Cir. 2015), a party may allege citizenship of a limited member in the negative. The Third Circuit has expressly held that the holding of *Lincoln* excusing affirmative allegations of jurisdiction for unincorporated associations does not apply where, as here, "the unincorporated association is the proponent of diversity jurisdiction." *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 151 (3d Cir. 2017). More important, the Fifth Circuit has held that negative allegations of citizenship "fall[] manifestly short" of the required jurisdictional allegations. *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008).